# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-cv-24513-JLK

| | |
|---|---|
| JUANA CURRY and WILLIAM MOORE, individually and on behalf of a class of similarly situated individuals, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AVMED, INC., d/b/a AVMED, a Florida Corporation, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, APPROVING NOTICE PLAN, AND SETTING FINAL APPROVAL HEARING

**THIS MATTER** comes before the Court upon the Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement (the "Motion") (DE 77), filed October 21, 2013. In the Motion, Plaintiffs seek preliminary approval of the parties' Class Action Settlement Agreement (the "Settlement Agreement") (DE 77-1), subject to a Final Approval Hearing, to be scheduled by the Court; certification of the proposed settlement classes for settlement purposes; approval of the form and content of the proposed notice to members of the settlement classes; appointment of Plaintiffs Juana Curry and William Moore as class representatives; and

appointment of Plaintiffs' counsel, Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson, LLC, as class counsel.

This matter comes before the Court upon the agreement of the parties and with good cause being shown. Accordingly, having considered the parties' filings and being otherwise advised, it is hereby **ORDERED**, **ADJUDGED**, **and DECREED** as follows:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby **PRELIMINARILY APPROVES** the Settlement Agreement in its entirety subject to final approval at the Final Approval Hearing referred to in paragraph 18 of this Order.

3.      The Court finds that, subject to final approval, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Classes set forth below.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Classes without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length

negotiations between experienced class action attorneys assisted by neutral mediator Rodney A. Max of the Upchurch Watson White & Max Mediation Group; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Classes; (c) meets all applicable requirements of law, including Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other Parties.

**Certification of the Settlement Classes**

4.      For purposes of settlement only: (a) Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson LLC are **APPOINTED** Class Counsel for the Settlement Class; and (b) Plaintiffs William Moore and Juana Curry are **APPOINTED** Class Representatives.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Curry and Moore will adequately protect the interests of the Settlement Classes defined below.

5.      For purposes of settlement only, the Court **CONDITIONALLY CERTIFIES** the following Settlement Classes as defined in the Settlement Agreement:

> **The Premium Overpayment Settlement Class:** All current and former AvMed customers who, prior to December 2009, paid AvMed for insurance, and whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident.

> **The Identity Theft Settlement Class:**  All current and former AvMed customers whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident, and who suffered Identity Theft and incurred unreimbursed losses as a result.

6.      The Court finds, subject to the Final Approval Hearing referred to in

Paragraph 18 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Classes satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and specifically, that:  the Settlement Classes are so numerous that joinder of all members is impracticable; there are questions of fact and law common to both Settlement Classes (i.e., whether Defendant failed to protect the Classes' Sensitive Personal Information in accordance with the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.302, *et seq.* ("HIPAA") and other industry standards) in addition to common questions of law and fact common to the Premium Overpayment Settlement Class (i.e. whether Defendant unjustly retained a portion of its paying customers' insurance premiums, and if so, the amount of their insurance premiums that should have been used for data protection and security); the claims of the Class Representatives are typical of the claims of the members of the Settlement Classes; the Class Representatives will fairly and adequately protect the interests of the members of the Settlement Classes; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

7.     Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Classes would once again bear the burden of establishing the propriety of class certification.  In such case, neither the

certification of the Settlement Classes for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8.     The Court **APPROVES**, as to form, content, and distribution, the Claim Forms attached to the Settlement Agreement as Exhibits A and B, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits C, D, and E thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process.  The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Classes of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Classes.  In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.  The parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9.     Upon request of the parties, Garden City Group, Inc. is hereby **APPOINTED** as Settlement Administrator in accordance with the provisions of paragraph 1.41 of the Settlement Agreement.

10.     Pursuant to paragraph 4.2 of the Settlement Agreement, the Settlement Administrator is **DIRECTED TO PUBLISH** the Notice and Claim Forms on the Settlement Website **within ten (10) days** following the entry of this Order and to **SEND DIRECT NOTICE** via U.S. Mail and email in accordance with the Notice Plan called for by the Settlement Agreement **no later than seventy (70) days** after entry of this Order. The Settlement Administrator shall also **MAINTAIN** the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

11.     Members of the Settlement Classes who wish to receive benefits under the Settlement Agreement must complete and submit their Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within thirty (30) days of the date of entry of Final Judgment.

12.     Members of the Settlement Classes who wish to exclude themselves from the Classes may do so if, on or before the **Objection/Exclusion Deadline** of **<u>January 30, 2014</u>**, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Classes so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13.     Any members of the Classes who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the member's name and address, a

signature, the name and number of the case, and a statement that he/she wishes to be excluded from the Premium Overpayment Settlement Class and/or Identity Theft Settlement Class. So called "mass" or "class" opt-outs shall not be allowed.

14.   Members of the Classes who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Classes who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

15.   Any members of the Classes who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice and Settlement Agreement, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement. Members of the Classes may object on their own, or may do so through separate counsel at their own expense.

16.   To object, members of the Classes must sign and file a **WRITTEN OBJECTION** no later than on or before the **Objection/Exclusion Deadline** of <u>**January 30, 2014**</u>. To be valid, the objection must comply with the exclusion procedures set forth in the Settlement Agreement and Notice include the case caption, the person's full name,

address, and telephone number, a signed declaration that he or she believes himself or herself to be a member of the Premium Overpayment Settlement Class and/or the Identity Theft Settlement Class, the specific grounds for the objection, all arguments, citations, and evidence supporting the objection (including copies of any documents relied on) and include a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel. Members of the Classes who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph and the Settlement Agreement shall be **DEEMED** to have **WAIVED** any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 18, below.

17.     To be valid, objections must be filed with the Court and sent to Jay Edelson of Edelson LLC, 350 North LaSalle, Suite 1300, Chicago, IL 60654, one of Class Counsel, and also to Defendant's Counsel John Delionado of Hunton & Williams, LLP, 1111 Brickell Avenue, Suite 2500, Miami, Florida 33131. In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

**Final Approval Hearing**

18.     The Final Approval Hearing shall be held before this Court on **February 28, 2014 at 10:30 A.M.** in Courtroom 1127 of the James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida 33132 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval

by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives. The Court may adjourn the Fairness Hearing without further notice to members of the Settlement Classes

19.     Plaintiffs shall file their papers in support of final approval of the Settlement Agreement, the incentive awards, and award of fees and costs, with the Court on or before **February 14, 2014**.

**Further Matters**

20.     All further proceedings are **STAYED** until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

21.     Members of the Settlement Classes shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

22.     If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

23.     In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it

does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of October, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc: All counsel of record.**