# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### CASE No. 10-cv-24513-JLK

| | |
|---|---|
| JUANA CURRY and WILLIAM MOORE, individually and on behalf of a class of similarly situated individuals, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AVMED, INC., d/b/a AVMED, a Florida Corporation, | ) ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF JENNIFER M. KEOUGH
## REGARDING NOTICE AND SETTLEMENT ADMINISTRATION

I, Jennifer M. Keough, declare as follows:

1.       I am the Chief Operating Officer of The Garden City Group, Inc. ("GCG").  The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called upon to do so, I could and would testify competently thereto.

2.       GCG has been providing comprehensive legal administration services for over 25 years.  Our team has served as administrator for over 2,500 cases.  In connection with serving as administrator in those cases, GCG has mailed over 290 million notices, disseminated over 800 million emails, handled over 28 million phone calls, processed over 50 million claims, and distributed over $35 billion in benefits.

3.       GCG was appointed as the Settlement Administrator pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement Agreement, Certifying

Settlement Classes, Appointing Class Representatives, Appointing Class Counsel, Approving Notice Plan, and Setting Final Approval Hearing (the "Order") dated October 25, 2013, and in accordance with the Parties' Class Action Settlement Agreement filed October 21, 2013 ("Agreement").[1]  I submit this Declaration in order to advise the Parties and the Court as to dissemination of Settlement Class Notices to the Settlement Classes and to report on Settlement administration, in accordance with the Agreement and the Order.

## DATA TRANSFER

4.      Pursuant to Section 4.2 of the Agreement, between November 20, 2013, and November 25, 2013, the Defendant provided GCG with three electronic files, containing data records for 1,217,912 potential members of the Settlement Classes ("Class List").  Included in the data was the name, mailing address, and where available, the most recent email address for potential members of the Settlement Classes.  GCG promptly loaded the information Defendant provided into a database created for this Settlement.  GCG gave unique identifiers to all records in order to maintain the ability to track them throughout the administration process.

## DISSEMINATION OF THE NOTICE BY MAIL

5.      Pursuant to Section 4.2(b) of the Agreement, GCG was responsible for providing a Postcard Notice via First Class U.S. Mail to members of the Settlement Classes on the Class List who did not have a valid email address on the Email List.  A true and correct copy of the Postcard Notice is attached hereto as Exhibit A, which bears a reference to the Internet Publication Notice.  Pursuant to Sections 4.2(a) and 4.2(b) of the Agreement, GCG prepared the 10,657 records on the Email List whose Email Notices were returned undeliverable and an

---

[1]      Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Agreement.

additional 1,115,333 unique records on the Class List who did not have a valid email address to be mailed.

6.      Prior to mailing Postcard Notices to members of the Settlement Classes, GCG ran addresses through the National Change of Address ("NCOA") database maintained by the U.S. Postal Service.[2]  To the extent that any individual had recently filed a U.S. Postal Service change of address request, the address listed on the NCOA database was used in connection with the Postcard Notice mailing.  A total of 90,878 records in the Class List sent through the NCOA database were updated with a new address.

7.      On December 23, 2013, GCG caused the 1,115,333 unique records on the Class List who did not have a valid email address to be mailed via First Class U.S. Mail.  On December 30, 2013, GCG caused the 10,657 records on the Email List whose Email Notice was returned undeliverable to be mailed via First Class U.S. Mail.

8.      Since December 30, 2013, GCG has promptly remailed to an updated address any Postcard Notice the U.S. Postal Service has returned to GCG with forwarding information.

## DISSEMINATION OF NOTICE BY EMAIL

9.      Pursuant to Section 4.2(a) of the Agreement, GCG caused the Class Notice to be formatted for electronic distribution by email to members of the Settlement Classes.  Attached as Exhibit B is a sample of the Class Notice that GCG electronically disseminated to members of the Settlement Classes ("Email Notice"), which bears an electronic link to the Internet

---

[2]  The NCOA database is an official United States Postal Service technology product, which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mailstream.  This product is an effective tool to update address changes when a person has completed a change of address form with the Post Office.  The U.S. Postal Service maintains address information on the database for 48 months.

Declaration of Jennifer M. Keough
Case No. 10-cv-24513-JLK

- 3 -

Publication Notice.

10.    From the Class List, GCG identified 44,283 unique records with valid email addresses (the "Email List").  On December 23, 2013, GCG commenced sending the Email Notice to members of the Settlement Classes on the Email List.  GCG transmitted 44,283 Email Notices to the last known email addresses of members of the Settlement Classes on the Email List.  GCG closely monitored the failed email delivery attempts throughout the email campaign. After two attempts, GCG could not deliver 10,053 Email Notices because the email address no longer existed, the email account was closed, or the email address had a bad domain name or address error (collectively, "Hard Bouncebacks").  After two attempts, GCG could not deliver 604 Email Notices due to reasons such as inactive or disabled accounts, full recipient mailboxes, recipient server network and technical auto-replies, or the recipient server was busy or unable to deliver (collectively, "Soft Bouncebacks").  Ultimately, GCG could not deliver a total of 10,657 Email Notices.  Thus, as explained in ¶ 7 above, notice was sent to such individuals via First Class U.S. Mail.

## INTERNET PUBLICATION NOTICE

11.    Pursuant to Section 4.2(c) of the Agreement, on November 4, 2013, GCG established a website, www.databreachsettlement.com, containing information about the Settlement ("Settlement Website").  References to the Settlement Website were contained in the Email Notice and Postcard Notice.  The Settlement Website contains a copy of the Notice and various information about the Settlement, including an overview of the Settlement, important dates and deadlines, a list of answers to frequently asked questions, and a contact information page.  Additionally, on the Settlement Website members of the Settlement Classes can download paper copies of both the Identity Theft Reimbursement and Premium Overpayment Claim

Forms, or, alternatively, they may easily submit Identity Theft Reimbursement and Premium Overpayment claims online.   True and correct copies of the Notice, Identity Theft Reimbursement Claim Form, and Premium Overpayment Claim Form, which are available on the Settlement Website and to Settlement Class Members upon request, are attached hereto as Exhibits C through E.

12.     GCG uploaded the Plaintiffs' Motion for Reasonable Attorneys' Fees, Expenses, and Incentive Awards to the Settlement Website on January 23, 2014.

13.     GCG has and will continue to maintain and update the Settlement Website throughout the administration of the Settlement.

## TOLL-FREE NUMBER

14.     On November 5, 2013, in order to accommodate inquiries regarding the Settlement, GCG made operational a toll-free telephone number, 1 (800) 204-0556, with an Interactive Voice Response ("IVR") system.   Callers have the ability to listen to important information about the Settlement and to request copies of the Claim Forms and Notice 24 hours a day, 7 days a week.   The IVR system also provides callers with the ability to speak to a live operator during business hours or leave a message during non-business hours.   As of January 12, 2014, GCG had received 5,220 calls related to this Settlement.   GCG has and will continue to maintain and update the IVR throughout the administration of the Settlement.

## EXCLUSIONS

15.     Pursuant to Section 4.5 of the Agreement and Paragraph 12 of the Order, members of either of the Settlement Classes wishing to be excluded from the Settlement were required to submit a Request for Exclusion to the Settlement Administrator, postmarked no later than January 30, 2014.

Declaration of Jennifer M. Keough
Case No. 10-cv-24513-JLK

- 5 -

16.     As of February 12, 2014, GCG had received 62 timely Requests for Exclusion.

## CLAIMS

17.     Pursuant to Section 1.3 of the Agreement, the deadline to file online or postmark both Identity Theft Reimbursement and Premium Overpayment claims is 30 days after entry of Final Judgment, which will be no earlier than March 31, 2014.  GCG will continue to accept and process claims through the conclusion of the claims filing period.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 13th day of February 2014 in Seattle, Washington.


_____
Jennifer M. Keough

# Exhibit A

Curry v. AvMed, Inc.
c/o GCG
P.O. Box 35107
Seattle, WA 98124-5107

**Forwarding Service Requested**

COURT AUTHORIZED NOTICE OF
CLASS ACTION AND PROPOSED
SETTLEMENT
**IF YOU PAID FOR OR
RECEIVED HEALTH INSURANCE
FROM AVMED, INC. AT ANY TIME
THROUGH DECEMBER 2009,
PLEASE READ THIS NOTICE
CAREFULLY BECAUSE IT COULD
AFFECT YOUR RIGHTS.**
Para información en español por favor
marque 1-800-204-0556

A proposed class action settlement has been reached in a lawsuit regarding the December 2009 theft of two laptop computers containing the personal information of AvMed, Inc.'s customers. The lawsuit claims that before the theft, AvMed (the "Defendant") failed to adequately safeguard its customers' personal information, which exposed them to harm. The Defendant vigorously denies they violated any law, and claims that it adequately safeguarded its customers' personal information and its customers did not suffer any actual harm from its actions, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** There are two groups, or "Classes," in the Settlement. The Court decided that everyone who fits this description is a member of the **Premium Overpayment Settlement Class:** all current and former AvMed customers who, prior to December 2009, paid AvMed for insurance, and whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident. The Court decided that everyone who fits this description is a member of the **Identity Theft Settlement Class:** All current and former AvMed customers whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident, and who suffered Identity Theft and incurred unreimbursed losses as a result.

**What Can I Get?** If approved by the Court, Premium Overpayment Settlement Class Members who meet certain requirements can receive up to $30 ($10 per year for each year that they were an AvMed customer, up to three years). Identity Theft Settlement Class Members can receive reimbursement for all actual unrecovered losses resulting from the Identity Theft, subject to the submission of documented proof and the approval of the Settlement Administrator, which will be calculated by the Settlement Administrator on a case-by-case basis. Defendant has also agreed to put certain practices and policies in place to bolster its data security. If the expenses, fees, incentive award and claims exceed the $3 million Settlement Fund created by the Defendant, members of these classes may receive a lesser *pro rata* share.

**How Do I Get a Payment?** You must submit one, or both, timely and properly completed Claim Forms signed under penalty of perjury no later than 30 days after entry of Final Judgment. The Claim Form Deadline will not be earlier than March 31, 2014. You may access, complete, and submit one or both Claim Forms online at www.databreachsettlement.com.

**What are My Other Options?** You may exclude yourself from the Settlement Classes by sending a letter to the Settlement Administrator no later than January 30, 2014. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than January 30, 2014. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.databreachsettlement.com. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged negligence in this case against the Defendant will be fully and finally resolved and released.

**Who Represents Me?** The Court has appointed lawyers from Edelson LLC to represent the Class. These attorneys are called Class Counsel and you will not be charged for these lawyers, but you may hire an attorney to represent you at your own expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 10:30 a.m. on February 28, 2014, at the Lawrence King Federal Justice Building, Courtroom 1127, 99 Northeast Fourth Street, Miami, Florida 33132. At that Hearing, the Court will hear any objections, determine the fairness of the Settlement, decide whether to approve Class Counsel's request for attorneys' fees and expenses of up to 25% of the Settlement Fund, and decide whether to award the Class Representatives $5,000 each from the Fund for their services throughout this case. The Court may award less than these amounts.

**How Do I Get More Information?** For more information, including the full Notice, Claim Forms, and Settlement Agreement, go to www.databreachsettlement.com, contact the Settlement Administrator at 1-800-204-0556, or call Class Counsel at 1-866-354-3015.

# Exhibit B

**From:**                           notice@databreachsettlement.com
**Sent:**
**To:**
**Subject:**                      Court Authorized Notice of Class Action and Proposed Settlement

**IF YOU PAID FOR OR RECEIVED HEALTH INSURANCE FROM AVMED, INC. AT ANY TIME THROUGH DECEMBER 2009, PLEASE READ THIS NOTICE CAREFULLY BECAUSE IT COULD AFFECT YOUR RIGHTS.**
**Para información en Español, por favor marque 1-800-204-0556**

| | |
|---|---|
| Your Claim Number: | 12345695 |
| Your Control Number: | 1000000011 |

A proposed class action settlement has been reached in a lawsuit regarding the December 2009 theft of two laptop computers containing the personal information of AvMed, Inc.'s customers. Your legal rights may be affected by this Settlement whether you act or don't act. Please read this Notice carefully. Visit www.databreachsettlement.com to read the full Notice and the Settlement Agreement and to make a claim.

### What is the Lawsuit About?

This lawsuit concerns the theft of two laptop computers from AvMed's facilities in December 2009. The lawsuit claims that before December 2009, AvMed failed to adequately safeguard its customers' personal information, which exposed them to harm.

AvMed denies it violated any law, and claims that it did adequately safeguard its customers' personal information and that its customers did not suffer any actual harm from its actions. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. AvMed promises to vigorously defend the lawsuit if the proposed Settlement is not approved by the Court.

### How Do I Know if I am a Class Member?

There are two groups, or "Classes," in the Settlement.

The Court decided that everyone who fits this description is a member of the **Premium Overpayment Settlement Class**: all current and former AvMed customers who, prior to December 2009, paid AvMed for insurance, and whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident.

The Court decided that everyone who fits this description is a member of the **Identity Theft Settlement Class**: All current and former AvMed customers whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident, and who suffered Identity Theft and incurred unreimbursed losses as a result.

### What Can I Get From the Settlement?

If you are a member of the Premium Overpayment Settlement Class and the Court approves the Settlement, and if you meet certain requirements, you may be entitled to receive up to $30 ($10 per year for each year that you were an AvMed customer, up to three years). If you are an Identity Theft Settlement Class Member, the amount you are entitled to will be calculated by the Settlement Administrator on a case-by-case basis. You may be reimbursed for all actual unrecovered losses resulting from the Identity Theft, subject to the submission of documented proof and the approval of the Settlement Administrator. If the expenses, fees, incentive award and claims exceed the $3 million Settlement Fund created by the Defendant, members of these classes may receive a lesser *pro rata* share.

The Settlement Agreement available at www.databreachsettlement.com describes the details of the Settlement. Only those Members of the Settlement Classes who submit valid approved claims will receive a payment.

### How Do I Submit a Claim for Payment?

To qualify for a payment under the Settlement, you must submit a timely and properly completed Claim Form for the class of which you are a member. You may submit either a Claim Form online at www.databreachsettlement.com, by no later than 30 days after the entry of Final Judgment by following the instructions found through the link at the bottom of this Notice, or you may mail a completed Claim Form, **postmarked by no later than 30 days after the entry of Final Judgment** to Curry v. AvMed, Inc., c/o GCG, P.O. Box 35107, Seattle, WA 98124-5107. Only those claims that meet the requirements of the Settlement Agreement will be eligible for a payment. The Claim Form deadline will be no earlier than March 31, 2014.

### What are My Other Options?

If you fall within the description of the Premium Overpayment Settlement Class and/or Identify Theft Settlement Class, you will be a member of either or both of such Classes unless you exclude yourself from the Settlement. If you do not wish to be a member of either Settlement Class, you may exclude yourself by sending a letter to the Settlement Administrator no later than **January 30, 2014**. You must include your name, address, signature, and a statement that you wish to be excluded from either or both Settlement Classes in Curry v. AvMed, Inc., No. 10-cv-24513. If you choose to exclude yourself, you give up your right to any settlement payment or to object to the Settlement, but retain any rights you may currently have to sue the Defendant over the issues in the lawsuit.

You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Objecting is telling the Court you don't like something about the Settlement. You can object ONLY if you stay in a Settlement Class and don't exclude yourself. Your written objection must be filed with the Court and sent to the attorneys for all Parties to the lawsuit no later than **January 30, 2014**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.databreachsettlement.com .

If you do nothing, you will be in the Premium Overpayment and/or Identity Theft Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. If the Court approves the Settlement, your claims relating to the December 2009, laptop thefts from AvMed's facilities will be fully and finally resolved and released. However, you need to timely submit a valid Claim Form to make a claim for a payment.

### Who Represents Me?

The Court has appointed Jay Edelson, Ari Scharg, and Ben Thomassen from Edelson LLC to represent the Class. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?**

The Court will hold the Final Approval Hearing to determine the fairness of the Settlement at 10:30 a.m. on February 28, 2014, at the James Lawrence King Federal Justice Building, Courtroom 1127, 99 Northeast Fourth Street, Miami, FL 33132. At that hearing, the Court will hear any objections concerning the fairness of the settlement that have been properly raised, as set forth above. The hearing may be postponed to a different date or time without notice. You are not required to come to this hearing.

At the Final Approval Hearing, Class Counsel will ask the Court for $750,000 from the Settlement Fund for attorneys' fees and for actual costs of investigating the facts, litigating the case, and negotiating the Settlement. The Court may award less than this amount. Class Counsel will post their fee petition and itemization of actual costs on the Settlement website by January 16, 2014.

The Court has also appointed two Class Representatives, who will each seek an incentive award of $5,000 (an amount the Defendant does not oppose) from the Settlement Fund for their services throughout this case. The Court may award less than this amount.

**How Do I Get More Information?**

This Notice is intended only as a summary of the lawsuit and proposed Settlement. It is not a complete statement of the lawsuit or the proposed Settlement. For more information about the proposed Settlement and a copy of the full Notice and Claim Forms, you can choose one of the following: 1) go to the website at www.databreachsettlement.com; 2) contact the Settlement Administrator at 1-800-204-0556; 3) write to Curry v. AvMed, Inc., c/o GCG, P.O. Box 35107, Seattle, WA 98124-5107; or 4) call Class Counsel at 1-866-354-3015.

By Order of the Court Dated: October 25, 2013

If you wish to UNSUBSCRIBE from future email messages from the Settlement Administrator with regard to the proposed Settlement, please click on this link.

# Exhibit C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
*Curry v. AvMed, Inc.*, Case No. 10-cv-24513

**If You Paid for or Received Insurance from AvMed, Inc.
at Any Time Through December of 2009,
You May Be Part of a Class Action Settlement.**

IMPORTANT: PLEASE READ THIS NOTICE CAREFULLY.
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A
MEMBER OF THE SETTLEMENT CLASSES, CONTAINS IMPORTANT INFORMATION ABOUT YOUR
RIGHTS TO MAKE A CLAIM UNDER THE SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

*(A federal court authorized this Notice. It is <u>not</u> a solicitation from a lawyer.)*

Your legal rights are affected whether or not you act. Please <u>read this Notice carefully.</u>

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge James King, of the U.S. District Court for the Southern District of Florida, is overseeing this case. The case is known as *Curry v. AvMed, Inc.*, No. 10-cv-24513. The persons who sued are called the Plaintiffs. The Defendant is AvMed, Inc.

### 2. What is a Class Action?

In a class action, one or more people called class representatives (in this case, Juana Curry and William Moore) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 3. What is this Lawsuit about?

This lawsuit claims that in December of 2009, unsecured laptops containing the sensitive personal information of AvMed customers were stolen while they were in the Defendant's custody. The lawsuit claims that, by failing to adequately secure and encrypt the laptops, Defendant was negligent and failed to discharge its obligation to protect the sensitive personal information of its customers. A more complete description of the allegations is available on the Settlement Website at www.databreachsettlement.com.

Defendant AvMed, Inc. denies any wrongdoing, and further states that it complied with and provided all data security obligations to its customers, and that its customers did not suffer any actual harm. The Court has not determined who is right.  Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

The Agreement has already received preliminary approval from the Court on October 25, 2013. Nevertheless, the settlement of a class action determines the rights of all members of the proposed class, and as such, the Court has ordered this Notice of the Agreement to be disseminated to the Settlement Classes.  The Court will also hold a Fairness Hearing in order to determine whether final approval may be granted to the Settlement, before it can take effect.

At this point, the Court has conditionally certified two Classes for settlement purposes, so that the Members of such Classes can be given this Notice and the opportunity to exclude themselves if they wish, voice their support or opposition to the Settlement, and also to explain how those who do not exclude themselves may submit a Claim Form to get the monetary benefit offered by the Settlement. If the Settlement is not granted final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no settlement and no certification of the Classes.

### 4. What type of information was allegedly stolen?

The lawsuit claims that the following customer information was contained on the stolen AvMed laptops:

- Names
- Addresses
- Phone numbers
- Social Security numbers
- Medical History
- Prescription Records
- Medical Diagnoses and Medical Treatment History

**5. Why is there a Settlement?**

The Court has not decided in favor of either side in the case. The Defendant denies all allegations of wrongdoing or liability against it and asserts that its conduct was lawful. The Defendant is settling to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Plaintiffs and their attorneys believe that the settlement is in the best interests of Members of both Classes because it provides an appropriate recovery now, while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals that could further delay any recovery for Members of the Classes.

## WHO'S INCLUDED IN THE SETTLEMENT?

**6. How do I know if I am a member of either or both Settlement Classes?**

There are two groups, or "Classes," in the Settlement.

The Court decided that everyone who fits this description is a member of the **Premium Overpayment Settlement Class**: All current and former AvMed customers who, prior to December 2009, paid AvMed for insurance, and whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident.

The Court decided that everyone who fits this description is a member of the **Identity Theft Settlement Class**: All current and former AvMed customers whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident, and who suffered Identity Theft and incurred unreimbursed losses as a result.

For a more detailed explanation of the Settlement Classes, please see the Settlement Agreement, which is available at www.databreachsettlement.com.

## THE SETTLEMENT BENEFITS

**7. What does the Settlement provide?**

Defendant has created a Settlement Fund totaling $3 million. The cost to administer the Settlement, as well as attorneys' fees and payments to the Class Representatives will come out of these funds (*see* Question 14). The amount remaining after deducting these costs will be paid to eligible Members of the Premium Overpayment Settlement Class and Identity Theft Settlement Class who submit valid claims.

In addition to creating a $3 million Settlement Fund, AvMed has or will have implemented the following practices and/or policies regarding the security of its members' information: (1) a mandatory security awareness and training program for all company employees; (2) mandatory training on appropriate laptop use and security for all company employees whose employment responsibilities include accessing information stored on company laptop computers; (3) upgrade all company laptop computers with additional security mechanisms, including GPS tracking technology; (4) new password protocols and full disk encryption technology on all company desktops and laptops so that electronic data stored on such devices would be encrypted at rest; (5) physical security upgrades at company facilities and offices to further safeguard workstations from theft; (6) the review and revision of written policies and procedures to enhance information security.

**8. How much will my payment be?**

If you are a member of the **Premium Overpayment Settlement Class**, and the Court gives final approval to the Settlement, and if you meet certain requirements you may be entitled to receive up to $10 for each year or partial year for which you paid for insurance from AvMed, Inc. (up to a maximum of $30). However, the amount of your exact payment cannot be calculated at this time because your payment will depend on the total number of valid claims that are filed. The Premium Overpayment Settlement Class includes approximately 465,000 Members. Your payment may be reduced, on a *pro rata* basis if the claims exceed the amount allocated to the Settlement Fund.

If you are a member of the **Identity Theft Settlement Class**, the amount you are entitled to will be calculated by the Settlement Administrator on a case-by-case basis. You may be reimbursed for all actual unrecovered losses resulting from the Identity Theft, subject to the submission of documented proof and the approval of the Settlement Administrator. Your payment may be reduced, on a *pro rata* basis if the claims exceed the amount allocated to the Settlement Fund.

**9. When will I get my payment?**

You should receive a check from the Settlement Administrator within 60-90 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for February 28, 2014, at 10:30 a.m. All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

**10. How do I get benefits?**

If you are a member of either or both Settlement Classes and you want to participate in the Settlement, you must complete and submit a truthful Claim Form, signed under penalty of perjury, by 30 days after the entry of Final Judgment. The Claim Form deadline will not be earlier than March 31, 2014. The Claim Forms for both Settlement Classes can be found at www.databreachsettlement.com or by calling, toll free, 1-800-204-0556. A Claim Form can be submitted online at the website or mailed to the Settlement Administrator. Only Premium Overpayment Class Members can submit a Premium Overpayment Claim Form, and only Identity Theft Class Members may submit an Identity Theft Claim Form. Those persons who submit an Identity Theft Claim Form must also submit documented proof of their losses, such as police reports, correspondence with governmental agencies, correspondence with financial institutions or credit card companies, and/or banking, brokerage, or credit card records that demonstrate that any Identity Theft and losses were more than likely caused by the December 2009 Incident. It is possible you may be a member of both Classes, and may submit both Claim Forms only if you meet the criteria for membership in both Classes.

Members of both Settlement Classes are able to and encouraged to submit their Claim Forms and documented proof of Identity Theft and unreimbursed losses online. Not only is it easier and more secure, it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

**11. What am I giving up if I remain a Member of either Class?**

If the Settlement becomes final, you will give up your right to sue the Defendant for the claims being resolved by this Settlement. The specific claims you are giving up against the Defendant are described in Section 3 of the Settlement Agreement. You will be "releasing" the Defendant and all related people as described in Section 3 of the Settlement Agreement. Unless you exclude yourself (*see* Question 15), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available at www.databreachsettlement.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to Class Counsel listed in Question 13 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**12. What happens if I do nothing at all?**

If you do nothing and fall within the description of either or both Classes, you will be included in the Premium Overpayment and/or Identity Theft Settlement Classes but will not receive any benefits from this Settlement. But, unless you exclude yourself (*see* Question 15), you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in the case?**

The Court has appointed Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson LLC to be the attorneys representing the Settlement Classes. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Classes. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**14. How will the lawyers be paid?**

Subject to Court approval, Defendant has agreed to pay Class Counsel up to 25% of the Settlement Fund for attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement in this matter.  The Court may award less than this amount.  Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed to  pay $5,000 to each of the Class Representatives from the Settlement Fund for their services in helping to settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that <u>you want to be excluded</u> from *Curry v. AvMed, Inc.*, No. 10-cv-24513.  Your letter or request for exclusion must also include your name and address, a signature, the name and number of the case, and a statement that you wish to be excluded from the Premium Overpayment Settlement Class and/or Identity Theft Settlement Class. You must mail your exclusion request no later than **January 30, 2014**, to:

Curry v. AvMed, Inc.
c/o GCG
P.O. Box 35107
Seattle, WA 98124-5107

### 16. If I don't exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 17. If I exclude myself, can I get anything from this Settlement?

No.  If you exclude yourself, do not submit either Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 18. How do I object to the Settlement?

If you're a member of either Settlement Class, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it and the Court will consider your views.  To object, you must send a letter stating that you object to the Settlement in *Curry v. AvMed, Inc.*, No. 10-cv-24513. Your letter or brief must also include your name and address, your signature, and all arguments, citations, and evidence supporting the  objection (including copies of any documents relied on), a statement that you are a member of the Premium Overpayment Settlement Class and/or the Identity Theft Settlement Class and a statement indicating whether you intend to appear at the Final Approval Hearing with or without counsel.

Class Counsel will file with the Court and post on this website its request for attorneys' fees two weeks prior to the objection deadline.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 22), you must say so in your letter or brief. Mail the objection to these three different places postmarked no later than **January 30, 2014**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| The Honorable James King<br>c/o Clerk of the Court<br>Federal Justice Building<br>99 NE Fourth St.<br>Miami, FL 33132 | Ari J. Scharg<br>Edelson LLC<br>350 North LaSalle St.<br> Suite 1300<br>Chicago, IL 60654 | John Delionado<br>Hunton and Williams, LLP<br>1111 Brickell Avenue<br>Suite 2500<br>Miami, FL 33131 |

### 19. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if

you stay in the Settlement Classes.  Excluding yourself from the Classes is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing at **10:30 a.m.** on **February 28, 2014** in Courtroom 1127 of the James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida 33132. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Classes; to consider the Parties' agreement that Class Counsel should be paid 25% of the Settlement Funds for attorneys' fees and expenses; and to consider the request for an incentive award to Class Representatives in the total amount of $10,000.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.databreachsettlment.com or call 1-800-204-0556.  If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but it's not required.

### 22. May I speak at the hearing?

Yes.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Curry v. AvMed, Inc.*, No. 10-cv-24513."  It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your Notice of Intent to Appear must be postmarked no later than **January 30, 2014**, and be sent to the addresses listed in Question 18.  You must also state in your objection that you plan on appearing at the hearing.

## GETTING MORE INFORMATION

### 23. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.databreachsettlement.com. You may also write with questions to Curry v. AvMed, Inc., c/o GCG, P.O. Box 35107, Seattle, WA 98124-5107. You can call the Settlement Administrator at 1-800-204-0556 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully.  You may also find additional information elsewhere on the Settlement website.

# Exhibit D



AVM

| MUST BE POSTMARKED NO LATER THAN 30 DAYS AFTER FINAL JUDGMENT | Curry v. AvMed, Inc.<br>c/o GCG<br>P.O. Box 35107<br>Seattle, WA 98124-5107 |
|---|---|

Control No:
Claim No:



JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA 67890

**REQUIRED ADDRESS INFORMATION OR CORRECTIONS**
If the pre-printed address to the left is incorrect or out of date, **OR** if there is no pre-printed data to the left, **YOU MUST** provide your current name and address here:

Name:
Address:
City/State/ZIP:

### Curry v. AvMed, Inc., IDENTITY THEFT REIMBURSEMENT CLAIM FORM

Return this Claim Form to: Curry v. AvMed, Inc., c/o GCG, P.O. Box 35107, Seattle, WA 98124-5107. Questions, visit www.databreachsettlement.com or call 1-800-204-0556

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY 30 DAYS AFTER ENTRY OF FINAL JUDGMENT AND MUST BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT. THE CLAIM FORM DEADLINE WILL BE NO EARLIER THAN MARCH 31, 2014.**

**Instructions:** If you are a current or former AvMed, Inc. customer whose Sensitive Personal Information was contained on laptops stolen from AvMed, Inc. in December of 2009 and you have suffered Identity Theft and incurred unreimbursed losses as a result, you may be entitled to a monetary settlement payment for up to the total amount of your unreimbursed costs resulting from the Identity Theft, or a lesser *pro rata* share (the actual amount of payments will be based on the number of valid Claim Forms submitted), in this lawsuit against AvMed, Inc. ("Defendant"), if it is finally approved by the Court. YOU MUST SUBMIT THIS CLAIM FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.

Please note that if you are an Identity Theft Settlement Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, both that: (1) you have been a victim of Identity Theft between December 2009 and the claim form deadline; and (2) due to this Identity Theft, you have suffered actual, monetary damages, for which you have not been reimbursed, excluding any charges initiated with your authorization. With this Identity Theft Reimbursement Claim Form, you must also submit any and all documentation or records evidencing that you were a victim of Identity Theft and showing the specific monetary losses you incurred as a result. All claims **MUST** be submitted with documentation to be considered valid. All claims are subject to review by both Parties and final approval by the Settlement Administrator. Visit www.databreachsettlement.com for complete information.

### YOUR CONTACT INFORMATION

Name:

Address (You must provide a street address. A P.O. box will not be accepted.):

City:                State:    ZIP:

Current Phone Number:
(       )        -
(Please provide a phone number where you can be reached if further information is required.)

QUESTIONS? CALL TOLL-FREE 1 (800) 204-0556 OR VISIT WWW.DATABREACHSETTLEMENT.COM
**To view GCG's Privacy Notice, please visit http://www.gcginc.com/pages/privacy-policy.php**

1

**Amount of Losses**

Please state the total amount of monetary losses you have suffered as a result of Identity Theft, excluding any charge initiated with your authorization, AND have <u>not</u> been reimbursed for:

**$** [ ][ ][ ][ ][ ] **.** [ ][ ]

*(Please attach all supporting documentation of the Identity Theft and amount of losses to this Claim Form. Claims submitted without documentation will NOT be considered valid.)*

**Class Member Verification**

By submitting this Claim Form and checking the boxes below, I declare under penalty of perjury that I am a member of the Identity Theft Class and that the following statements are true (check each box that applies):

☐  I purchased insurance from AvMed, Inc., and was a victim of identity theft between December 2009 and 30 days after entry of Final Judgment.

☐  As a result of this Identity Theft, I suffered actual monetary losses, for which I have not been reimbursed, in the amount listed above.

☐  That all information provided in this Claim Form is true and correct.

The Settlement Administrator may audit any and all claims and may require the submission of supplemental information to evaluate any claims. Persons knowingly making false claims may be subject to civil or criminal penalties. **I declare under penalty of perjury that the foregoing is true and correct.**

Signature: _____        Date: [ ][ ] / [ ][ ] / [ ][ ][ ][ ]

Print Name: _____        Your claim will be submitted to the Settlement Administrator for review. If accepted you will be mailed a check for your unreimbursed losses, or a lesser *pro rata* share. This process takes time, please be patient.

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN 30 DAYS AFTER ENTRY OF FINAL JUDGMENT TO BE ELIGIBLE FOR PAYMENT. THE CLAIM FORM DEADLINE WILL BE NO EARLIER THAN MARCH 31, 2014. FILE ONLINE AT: www.databreachsettlement.com OR MAIL THIS CLAIM FORM TO: Curry v. AvMed, Inc., c/o GCG, P.O. Box 35107, Seattle, WA 98124-5107. If you have questions, you may call the Settlement Administrator at 1-800-204-0556 or Class Counsel at 1- 866-354-3015.**

# Exhibit E

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN 30 DAYS AFTER FINAL JUDGMENT**

</td><td>

**Curry v. AvMed, Inc.**
**c/o GCG**
**P.O. Box 35107**
**Seattle, WA 98124-5107**

</td><td>

AVM



Control No:
Claim No:

</td></tr>
</table>

---

**REQUIRED ADDRESS INFORMATION OR CORRECTIONS**
If the pre-printed address to the left is incorrect or out of date, **OR** if there is no pre-printed data to the left, **YOU MUST** provide your current name and address here:

Name:

Address:

City/State/ZIP:

---

### Curry v. AvMed, Inc., PREMIUM OVERPAYMENT CLAIM FORM

Return this Claim Form to: Curry v. AvMed, Inc., c/o GCG, P.O. Box 35107, Seattle, WA 98124-5107. Questions, visit www.databreachsettlement.com or call 1-800-204-0556

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY 30 DAYS AFTER ENTRY OF FINAL JUDGMENT AND MUST BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT. THE CLAIM FORM DEADLINE WILL BE NO EARLIER THAN MARCH 31, 2014.**

**Instructions:** If you are a current or former AvMed, Inc. customer who, prior to December 2009, paid AvMed, Inc. for insurance, you may be entitled to a monetary settlement payment of up to $10 for each year you made such payments for insurance (up to $30) or a lesser *pro rata* share (the actual amount of payments will be based on the number of valid Claim Forms submitted), in this lawsuit against AvMed, Inc. if it is finally approved by the Court. YOU MUST SUBMIT THIS CLAIM FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.

Please note that if you are a Premium Overpayment Settlement Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that you paid insurance premium payments to AvMed, Inc. prior to December 2009.

Visit www.databreachsettlement.com for complete information.

---

**YOUR CONTACT INFORMATION**

Name:

Address (You must provide a street address. A P.O. box will not be accepted.):

City:                                                    State:      ZIP:

Current Phone Number:

( ) -

(Please provide a phone number where you can be reached if further information is required.)

---

QUESTIONS? CALL TOLL-FREE 1 (800) 204-0556 OR VISIT WWW.DATABREACHSETTLEMENT.COM

**To view GCG's Privacy Notice, please visit http://www.gcginc.com/pages/privacy-policy.php**

**AvMed Insurance Purchased**

Please state the number of years or partial years for which you paid AvMed, Inc. for insurance prior to December 2009:

**Years**

**Class Member Verification**

By submitting this Claim Form and checking the boxes below, I declare under penalty of perjury that I am a member of the Premium Overpayment Settlement Class and that the following statements are true (check each box that applies):

☐ That I made insurance premium payments to AvMed, Inc. prior to December 2009.

☐ Prior to the December 2009 Incident, I had the expectation that AvMed would protect my personal information and this was important to me in choosing AvMed.

☐ That all information provided in this Claim Form is true and correct.

Signature: _____  Date: ___ / ___ / _____

Print Name: _____

Your claim will be submitted to the Settlement Administrator for review.  If accepted you will be mailed a check for up to $30 or a lesser *pro rata* share. This process takes time, please be patient.

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN 30 DAYS AFTER ENTRY OF FINAL JUDGMENT TO BE ELIGIBLE FOR PAYMENT. THE CLAIM FORM DEADLINE WILL BE NO EARLIER THAN MARCH 31, 2014. FILE ONLINE AT: www.databreachsettlement.com OR MAIL THIS CLAIM FORM TO: Curry v. AvMed, Inc., c/o GCG, P.O. Box 35107, Seattle, WA 98124-5107. If you have questions, you may call the Settlement Administrator at 1-800-204-0556 or Class Counsel at 1- 866-354-3015.**