IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 10-cv-24513-JLK

| | |
|---|---|
| JUANA CURRY and WILLIAM MOORE, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| AVMED, INC., d/b/a AVMED, a Florida Corporation, | ) ) ) ) |
| Defendant. | ) ) |

[~~~~~~~~] ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT, AND
<u>MOTION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS</u>

Pending before the Court are Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 87) and Plaintiffs' Motion for Award of Attorneys' Fees, Expenses and Incentive Award (Dkt. 85) (collectively, the "Motions"). The Court, having reviewed the papers filed in support of the Motions, having heard argument of counsel, and finding good cause appearing therein, hereby GRANTS Plaintiffs' Motions and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

3. On October 25, 2013, this Court granted Preliminary Approval of the Settlement Agreement and preliminarily certified two Settlement Classes, defined as:

> **The Premium Overpayment Settlement Class:** All current and former AvMed customers who, prior to December 2009, paid AvMed for insurance, and whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident.
>
> **The Identity Theft Settlement Class:** All current and former AvMed customers whose Sensitive Personal Information was contained on the laptops stolen during the December 2009 Incident, and who suffered Identity Theft and incurred unreimbursed losses as a result.

(Dkt. 82 at ¶ 5.)

4. Excluded from the Settlement Classes are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice to the Settlement Class. Valid and timely requests for exclusion were received from the individuals listed in Appendix A. Such persons are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order, and are not bound by this Final Judgment or the Release herein.

5. The Court finds that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement and the Preliminary Approval Order of October 25, 2013, consisting of individual notice via first-class U.S. Mail postcard and/or email, internet publication on the interactive settlement website www.databreachsettlement.com, and a toll-free phone number to field inquires by members of the Settlement Classes, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Classes of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive

notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

6. The Court finds that Defendant properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

7. This Court now affirms certification of the Settlement Classes, gives final approval to the Settlement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Classes. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits. The complex legal and factual posture of this case, and the fact that the Settlement is the result of arm's-length negotiations between the Parties, including settlement negotiations presided over by the highly experienced third-party neutral Rodney A. Max of the Upchurch Watson White & Max Mediation Group and fee negotiations also conducted with the assistance of Mr. Max, support this finding.

8. The Court finds that both the Class Representatives and Class Counsel adequately represented the Settlement Classes for the purposes of litigating this matter and entering into and implementing the Settlement Agreement. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement according to its

terms and provisions. The Settlement Agreement is hereby incorporated into this Order in full and shall have the full force of an Order of this Court.

9. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action as identified in the Settlement Agreement on the merits and with prejudice.

10. Upon the Effective Date of this Order, the Releasing Parties shall have fully, finally, and forever, released, relinquished and discharged all Released Claims, including without limitation Unknown Claims, against each and every one of the Released Parties.

11. Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

12. The Court approves the agreed-upon Fee Award to Class Counsel in the amount of $750,000.00, which the Court finds to be fair and reasonable. The Court finds this amount to be reasonable in that it represents 25% of the total value of the settlement of $3,000,000 achieved for the Classes. It is well established that "[i]n the Eleventh Circuit, class counsel is awarded a percentage of the fund generated through a class action settlement." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1358 (S.D. Fla. 2011); *see also Camden I Condominium Assn. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) ("Henceforth in this circuit, attorneys' fees

awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir. 1999) ("[T]he majority of common fund fee awards fall between 20% to 30% of the fund.") (internal quotations and citations omitted); *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1341 (S.D. Fla. 2007) ("The 30% fee requested in this case is thus well in line with the bulk of the fee awards in class action litigation.")

13. Defendant shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

14. The Court approves the agreed Incentive Award of $5,000.00 each to Plaintiffs Juana Curry and William Moore as Incentive Awards for their roles as Class Representatives. The Court finds this Incentive Award to be reasonable in light of the Class Representatives' willingness and efforts with respect to taking on the risks of litigation and helping achieve the results to be made available to the Settlement Classes. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

16. This Court hereby directs entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

17. Neither this Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, nor any act, statement, document, or proceeding relating to the Settlement:

(a) is, may be deemed, or shall be used, offered, or received against Defendant as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

(b) is, may be deemed, or shall be used, offered, or received against Plaintiffs or the Settlement Class as an admission, concession, or evidence of the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(c) is, may be deemed, or shall be construed against Plaintiffs and the Settlement Classes or against Defendant as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial;

(d) is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Classes or against Defendant that any of Plaintiffs' claims are with or without merit and that damages recoverable in the Action would have exceeded or would have been less than any particular amount; or

(e) is, may be deemed, or shall be used, offered, or received in evidence as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Parties to the Agreement in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

18. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of members of the Settlement Classes.

19. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose.

It is so ordered, this __28__ day of __February__ 2014.

Enter: _____
THE HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Curry v. AvMed, Inc.
Timely Requests for Exclusion Received

| GCG Reference Number* | Initials* | City | State |
|---|---|---|---|
| 1717888 | SA | JACKSONVILLE | FL |
| 1955397 | FA | HOLLYWOOD | FL |
| 1743056 | DA | CORAL GABLES | FL |
| 1048426 | SB | MIAMI | FL |
| 1308729 | SB | MIAMI | FL |
| 1048416 | WB | MIAMI | FL |
| 1011128 | JB | DAVIE | FL |
| 1745889 | DB | MIAMI | FL |
| 1788448 | CB | VENICE | FL |
| 1019634 | DB | VENICE | FL |
| 1019662 | GB | VENICE | FL |
| 1019644 | JB | VENICE | FL |
| 1019652 | NB | VENICE | FL |
| 1299035 | BB | CHARLOTTESVLE | VA |
| 1053195 | JC | CITRUS SPRINGS | FL |
| 1509678 | AC | ROYAL PALM BEACH | FL |
| 1108982 | CC | WEST PALM BEACH | FL |
| 1979758 | JE | SILVER SPRINGS | FL |
| 2211178 | JE | AVENTURA | FL |
| 1017854 | JE | AVENTURA | FL |
| 1040921 | JF | MIRAMAR | FL |
| 1092973 | LF | LARGO | FL |
| 1944356 | CH | THOMASTON | GA |
| 1324213 | JH | MIAMI | FL |
| 1251221 | LH | ALACHUA | FL |
| 1251202 | SH | ALACHUA | FL |
| 1251211 | TH | ALACHUA | FL |
| 2112582 | TH | JACKSONVILLE | FL |
| 1227034 | CK | SUNRISE | FL |
| 1051675 | SM | MELBOURNE | FL |
| 1981524 | JM | POMPANO BEACH | FL |
| 1562364 | JM | POMPANO BEACH | FL |
| 2133800 | LM | POMPANO BEACH | FL |
| 1869139 | BN | TAMARAC | FL |
| 1851410 | MN | TAMARAC | FL |
| 1389546 | MN | CORAL SPRINGS | FL |
| 1668046 | GP | MIAMI GARDENS | FL |
| 1299835 | JP | MIAMI | FL |
| 2058705 | BP | FORT LAUDERDALE | FL |
| 1247555 | EP | MIAMI | FL |
| 2146131 | DP | MIAMI | FL |
| 1390862 | EP | MIAMI | FL |
| 1988427 | PR | CHRISTMAS | FL |

Curry v. AvMed, Inc.
Timely Requests for Exclusion Received

| | | | |
|---|---|---|---|
| 1184489 | MS | HILLIARD | FL |
| 1886569 | IS | MIAMI | FL |
| 1102846 | NS | HOLLYWOOD | FL |
| 1066840 | DS | MIDDLEBURG | FL |
| 1337157 | CS | ALBUQUERQUE | NM |
| 1288253 | CT | FT LAUDERDALE | FL |
| 1396589 | IT | PEMBROKE PINES | FL |
| 1396593 | MT | PEMBROKE PINES | FL |
| 1051664 | RU | MELBOURNE | FL |
| 1005501 | EV | MIAMI | FL |
| 1005509 | MV | MIAMI | FL |
| 1280717 | MV | MIAMI | FL |
| 1248804 | GV | PEMBROKE PINES | FL |
| 1168482 | FW | PEMBROKE PINES | FL |
| 1102886 | HW | PEMBROKE PINES | FL |
| 1737647 | SW | BOYNTON BEACH | FL |
| 1429006 | KW | MIAMI | FL |
| 1068800 | PW | MIAMI | FL |

*GCG's Reference Numbers and Class Member's Initials are used in order to protect confidential patient information